FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

SEP 1 6 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JEROME CALVIN MADDOX, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-2423-TWT |
| UNNAMED DEFENDANT, | : | |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff, Jerome Calvin Maddox, who is incarcerated at the Clayton County Jail in Jonesboro, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

## I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

II. Plaintiff's Allegations

Plaintiff's letter is vague and confusing, but he appears to seek discharge of a debt that he owes in state court. Plaintiff alleges that he is entitled to an "exemption" for "all the obligations and charges connected with this case." Plaintiff contends that he is entitled to immediate release from incarceration.

III. Discussion

Initially, the Court notes that Plaintiff has failed to state a claim because he has failed to allege how his constitutional rights have been violated by a person acting

2

under color of state law. See Washington v. Bauer, 149 F. App'x 867, 870 (11th Cir. 2005) (holding a § 1983 plaintiff is required to allege with some specificity in his complaint the facts which make out his claim). See also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Furthermore, to the extent that Plaintiff seeks his release from incarceration, such a remedy is unavailable in the instant action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief. This Court will not construe Plaintiff's complaint as a habeas corpus petition since it is unclear whether Plaintiff has been convicted of criminal charges or whether he has exhausted his state remedies.

AO 72A
(Rev. 8/82)

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED** this 16 day of September, 2008.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4